UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE:<br><br>AQUATIC ISLAND VENTURES, INC.,<br>KETRON ISLAND UTILITIES, CO., INC.<br><br>Debtors.<br>_____<br>ROBERT STEINBERG, Trustee,<br><br>Plaintiff,<br>-vs-<br><br>PIERCE COUNTY DEPARTMENT OF<br>BUDGET AND FINANCE, et al.,<br><br>Defendants | Bankruptcy No. 96-32414<br>Chapter 7<br><br>Adversary Case No. 06-04210-PHB<br><br>Case No. 3-07-cv-5253-RBL<br><br>ORDER DENYING<br>MOTION FOR<br>WITHDRAWAL OF<br>REFERENCE |

    This matter comes before the court on a Motion for Withdrawal of Reference by Terry Wallace. The court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

    In November 2006, Robert Steinberg, Trustee, brought an adversary proceeding against Pierce County Dept. of Budget and Finance (Pierce County), Terry Wallace, Charles Fain, et al. to determine entitlement to the proceeds of a tax foreclosure sale held by Pierce County. Mr. Wallace cross-claimed against Pierce County, asserting an interest in the proceeds that derives from Mr. Fain, who was the president of Aquatic Ventures. Mr. Wallace, an attorney, asserts that Mr. Fain assigned to Mr. Wallace the

ORDER
Page - 1

foreclosure surplus as payment for attorney's fees generated when Mr. Wallace handled the appeal before the Ninth Circuit Court of Appeals of Mr. Fain's criminal conviction.

Mr. Wallace moves to withdraw reference because he asserts a need for a jury trial of his cross-complaint and he does not consent to having the jury trial conducted by the bankruptcy judge. Mr. Wallace's motion is DENIED because it would not be economical to determine the outcome of his cross-complaint at this time.

Pierce County held the foreclosure sale and is in possession of the excess proceeds from that sale. The Trustee's adversary complaint raises the issue of whether the excess proceeds are the property of the bankruptcy estate. Mr. Wallace's cross-complaint raises the issue of whether the excess proceeds should be in the possession of Mr. Wallace, rather than Pierce County. However, if the Bankruptcy Court hearing the Trustee's adversary complaint determines that the excess proceeds are part of the bankruptcy estate, then it is irrelevant whether they are in the temporary possession of Mr. Wallace or Pierce County because either way, they must be turned over to the Bankruptcy Court. Thus, it would be a potential waste of resources to resolve Mr. Wallace's cross-claim in a federal jury trial before the Bankruptcy Court has determined whether the excess proceeds are part of the bankruptcy estate. If the excess proceeds are determined not to be part of the bankruptcy estate, then Mr. Wallace would be free to pursue his (state law) claims against Pierce County in the Washington Courts.

Therefore, it is hereby

**ORDERED** that Mr. Wallace's motion to withdraw reference be DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of June, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE